UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUANITA PICKETT,

        Plaintiff,

– against –

GM *and* MOTOR LIQUIDATION CO.,

        Defendants.

**ORDER**

20 Civ. 75 (ER)

Ramos, D.J.:

    Juanita Pickett, who resides in Warren, Michigan, and is appearing *pro se* and proceeding *in forma pauperis* ("IFP"), brings this action alleging that she was injured in a car accident that occurred in Lawrenceville, Georgia. By order dated February 28, 2020, Pickett's request to proceed IFP was granted. Doc. 6. Named as defendants are General Motors ("GM") and Motor Liquidation Company. For the following reasons, the Court dismisses this action.

**I.    BACKGROUND**

    Pickett, a resident of Michigan, alleges that she was injured in a motor vehicle accident while operating a 2003 Buick Rendezvous. The accident occurred on June 22, 2004, in Lawrenceville, Georgia. Compl. at 4, Doc. 2. In addition to physical injuries, she alleges that the accident caused her to lose her job, car, and home. Compl. at 4. She names as Defendants GM and the Motor Liquidation Company.

    GM filed for bankruptcy on June 1, 2009, and that action is pending in the U.S. Bankruptcy Court for the Southern District of New York. *See In re Motors Liquidation Co.*, 09 Bk. 50026 (REG) (Bankr. S.D.N.Y.). On November 2, 2009, Pickett filed a claim in that bankruptcy action, seeking damages for the injuries she allegedly sustained in the June 22, 2004 accident. Compl. at 20. She filed an administrative claim on February 9, 2011, in which she sought additional compensation for the loss of her job and a

deterioration in her health. Compl. at 21. On May 15, 2012, after oral argument, the bankruptcy court orally disallowed and expunged Pickett's claims, and on June 5, 2012, the bankruptcy court issued an order consistent with its oral ruling. *See In re Motors Liquidation Co.* (June 5, 2012), Doc. 11782. On June 13, 2012, the bankruptcy court received Pickett's notice of appeal. *Id.*, Doc. 11850. The Hon. William H. Pauley III affirmed the bankruptcy court's June 2012 order in January 2013, holding:

> [W]hether New York law, Michigan law, or Georgia law governs — Pickett's claims are time-barred. Pickett seeks recovery for alleged personal injuries, property damage, and breach of the implied warranty of merchantability. Under the applicable New York, Michigan, and Georgia statutes of limitations, Pickett's time to file a lawsuit relating to her accident expired — at the latest — in June 2008, four years after the accident. *See* N.Y. C.P.L.R. § 214(4)-(5) and N.Y. U.C.C. § 2–725(1); Mich. Comp. Laws Ann. §§ 440.2725(1), 600.5805(10) & (13); Ga. Code Ann. §§ 9–3–31, 9–3–33, 11–2–725(1).

*In re Motors Liquidation Co.*, No. 12 Civ. 6785 (WHP), 2013 WL 110545, at *2 (S.D.N.Y. Jan. 7, 2013).

## II. STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits — to state a claim, *pro se* pleadings still must

comply with Federal Rule of Civil Procedure 8, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

### III. DISCUSSION

Any claims Pickett may be seeking to raise in this complaint are barred by the doctrine of *res judicata*, otherwise known as claim preclusion. Under the doctrine, a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236–37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that

3

earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g., Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here, necessitating the dismissal of this case. Pickett filed a claim in GM's bankruptcy action, seeking damages for the injuries she sustained in the June 22, 2004 accident. The claims raised in that action are precisely the same ones she alleges here. Furthermore, the parties are the same in this case and the bankruptcy case: Pickett on one side and GM and Motor Liquidation Co. on

the other. Finally, when the bankruptcy allowed GM's objection and expunged Pickett's claims, it adjudicated the case on the merits. *See Cost v. Super Media*, 482 B.R. 857, 862 (S.D.N.Y. 2012) (citing *EDP Med. Computer Sys. v. United States*, 480 F.3d 621, 625 (2d Cir.2007)) (holding that when a bankruptcy court expunged a claim, it was making an adjudication on the merits and laying "a predicate for *res judicata*").

## IV. CONCLUSION

Accordingly, Pickett's case is DISMISSED with prejudice. The Clerk of Court is directed to mail a copy of this order to Pickett and note service on the docket. Pickett's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close the case.

It is SO ORDERED.

Dated: March 4, 2020
New York, New York

_____
EDGARDO RAMOS, U.S.D.J.